IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JAMES J. DURHAM, | § | |
| | § | No. 134, 2018 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID No. 1003006262 (K) |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 4, 2018
Decided: July 3, 2018

Before **VAUGHN**, **SEITZ**, and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1)     The appellant, James Durham, filed this appeal from the Superior Court's denial of his motion for correction of sentence.  The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Durham's opening brief that his appeal is without merit.  We agree and affirm.

(2)     The record reflects that a Superior Court jury convicted Durham in 2010 of first degree robbery and related charges.  The State filed a motion to declare Durham a habitual offender based on his three prior felony convictions in 2006 for

maintaining a vehicle (Cr. ID 0601013404), in 2008 for second degree robbery (Cr. ID 0802020983), and in 2009 for second degree conspiracy (Cr. ID 0906003633). At sentencing on June 15, 2011, Durham's counsel stated, "He does admit that those three prior offenses are his." The sentencing judge then stated that he independently had reviewed Durham's lengthy criminal record and concluded that Durham was a habitual offender. The Superior Court sentenced Durham to a total period of twenty-seven years at Level V imprisonment. This Court affirmed Durham's convictions and sentence on direct appeal.[1]

(3) Thereafter, Durham filed several unsuccessful motions for postconviction relief. In January 2018, he filed a motion for correction of sentence, contending that his habitual offender sentence was illegal because the State failed to offer sufficient proof that he had three predicate felony convictions and, alternatively, that the State failed to offer sufficient proof that he had had a reasonable opportunity for rehabilitation between his prior convictions. The Superior Court denied Durham's motion. This appeal followed.

(4) Durham reiterates these same two arguments in his opening brief on appeal. We find no merit to either argument. At his sentencing, Durham admitted, through his counsel, that he had three qualifying predicate felonies and was eligible for sentencing as a habitual offender. Durham was given the opportunity to speak

---

[1] *Durham v. State*, 2012 WL 11617 (Del. Jan. 3, 2012).

before he was sentenced and did not contradict his attorney's statements on his behalf. Durham is bound by his lawyer's representations.[2] The Superior Court did not abuse its discretion in denying his motion for correction of sentence.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Collins J. Seitz, Jr.
Justice

---

[2] *Ogden v. Collins*, 2010 WL 4816059, *4 (Del. Nov. 29, 2010) (holding that a party is bound by the acts of his lawyer-agent); *Marshall v. State*, 1998 WL 977123, *2 (Del. Nov. 20, 1998) (defendant bound by counsel's statement that defendant qualified for sentencing as a habitual offender).